643 A.2d 545

STATE OF NEW JERSEY IN THE INTEREST OF G.C.

Argued November 30, 199—Decided June 29, 1994.

*Edward F. Borden, Jr.,* Camden County Prosecutor, argued the cause for appellant, State of New Jersey (*Mr. Borden,* attorney; *Norma R. Evans* and *Kathleen M. Delaney,* Assistant Prosecutors, of counsel and on the briefs).

*Ruth Bove,* Assistant Deputy Public Defender, argued the cause for respondent, G.C. (*Zulima V. Farber,* Public Defender, attorney).

*Carol M. Henderson,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*Fred DeVesa,* Acting Attorney General, attorney).

The opinion of the Court was delivered by

STEIN, J.

As in *State in Interest of J.L.A.,* 136 *N.J.* 370, 643 *A.*2d 538 (1994), also decided today, the narrow issue presented is whether the Code of Juvenile Justice, *N.J.S.A.* 2A:4A–20 to –91 (Juvenile Code), should be construed to prohibit the sentencing to consecutive terms of incarceration of those juveniles who have committed two or more acts of delinquency.

G.C. was adjudicated delinquent after having admitted the commission of acts of delinquency that, if committed by an adult, would have constituted fourth-degree aggravated assault, contrary to *N.J.S.A.* 2C:12–1b(3), and third-degree unlawful possession of a shotgun without a permit, in violation of *N.J.S.A.* 2C:39–5c. The court ordered that G.C. serve an indeterminate term of incarceration, not to exceed two years, on the charge of possession of a shotgun, and a consecutive indeterminate term, not exceeding one year, on the fourth-degree aggravated-assault charge. In an unreported opinion, the Appellate Division affirmed the adjudica-

tion of delinquency, but reversed that part of the judgment of the Family Court that imposed the consecutive sentences, concluding that the Juvenile Code prohibits the imposition of such sentences. The Appellate Division remanded the matter to the Family Court for a new dispositional hearing.

In *J.L.A., supra,* we held that the Juvenile Code should not be construed to prohibit imposition of consecutive sentences. Based on our holding in *J.L.A.,* we reverse the judgment of the Appellate Division to the extent that it set aside the sentences imposed by the Family Court.

*For reversal in part*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

Opposed—None.